Argued and submitted July 28, reversed and remanded September 8, 2011

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## BENJAMIN RYAN ORNELLAS,
*Defendant-Respondent.*

Clatsop County Circuit Court
097199; A144501

261 P3d 97

Joanna L. Jenkins, Assistant Attorney General, argued the cause for appellant. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Ryan T. O'Connor, Senior Deputy Public Defender, argued the cause for respondent. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

In this prosecution for driving under the influence of intoxicants, ORS 813.010, the state appeals a pretrial order granting defendant's motion to suppress the results of his breath test, ORS 138.060(1)(c).[1] A recitation of the facts would not benefit the bench, the bar, or the public. The trial court's ruling was predicated on our decision in *State v. Machuca*, 231 Or App 232, 218 P3d 145 (2009) (*Machuca I*). After the trial court granted defendant's motion, the Supreme Court reversed our decision in *Machuca I*, holding that,

> "for purposes of the Oregon Constitution, the evanescent nature of a suspect's blood alcohol content is an exigent circumstance that will ordinarily permit a warrantless blood draw of the kind taken here. We do so, however, understanding that particular facts may show, in the rare case, that a warrant could have been obtained and executed *significantly* faster than the actual process otherwise used under the circumstances. We anticipate that only in those rare cases will a warrantless blood draw be unconstitutional."

*State v. Machuca*, 347 Or 644, 657, 227 P3d 729 (2010) (*Machuca II*) (emphasis in original).

This case is materially indistinguishable from *Machuca*. Accordingly, under the operative principles that the Supreme Court explained in *Machuca II*, the trial court erred in granting the motion to suppress.

Reversed and remanded.

---

[1] In his motion, defendant also sought to suppress the results of the field sobriety tests that the officer administered as well as any evidence derived from those tests. However, during the hearing concerning the motion to suppress, defendant withdrew those issues from the court's consideration. Accordingly, the trial court's order concerned only the suppression of defendant's breath test results.